IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE A. CLARK, | No. C 06-5589 SI |
| Plaintiff, | **ORDER AWARDING ATTORNEY FEES UNDER SOCIAL SECURITY ACT 42 U.S.C. § 406(b)** |
| v. | |
| MICHAEL ASTRUE, Acting Commissioner, Social Security Administration, | |
| Defendant. | |

Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). On March 21, 2003, plaintiff Dale A. Clark applied for disability benefits under Title II of the Social Security Act. Attorney Harvey Sackett represented plaintiff before the Administrative Law Judge ("ALJ") and this Court. After plaintiff filed a motion for summary judgment, the parties stipulated to a voluntary remand for further administrative proceedings, and further stipulated that plaintiff's counsel would be awarded $3,700 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The stipulation also provided that the EAJA attorney fees awarded to plaintiff's counsel would not preclude him from seeking fees under 42 U.S.C. § 406(b). On remand, the ALJ issued a fully

favorable decision on plaintiff's Title II disability claim.

Plaintiff's counsel seeks a total of $20,371, of which $3,700 would be credited back to plaintiff, for a net fee of $16,671. In support of the motion, plaintiff's counsel has submitted his fee agreement with plaintiff, time records, and statistical data on local standard hourly billing rates. Defendant does not challenge any particular aspect of the fee application, but instead generally asserts that the Court "may want to consider whether downward adjustment of the fee request is appropriate" because plaintiff's recovery was large in comparison to the amount of time spent on the case. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Section 406(b), "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The Court should consider the character of the representation and the results achieved in making its determination. *Id.* An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling; the fee agreement between plaintiff and his counsel provides that if plaintiff received a favorable decision any time after an unfavorable ALJ decision, plaintiff agreed to pay counsel a fee no greater than 25 percent of the past-due benefits he was awarded. The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering attorney's fees because the claims had been denied after exhausting administrative remedies. The work

by plaintiff's counsel was not insubstantial; plaintiff's counsel filed a motion for summary judgment, after which the parties entered into the stipulation to remand, which ultimately resulted in a decision in plaintiff's favor. After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. *See Gisbrecht*, 535 U.S. 789; *see Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003)[1].

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorney fees and awards fees in the amount of $20,371.00 pursuant to 42 U.S.C. § 406(b)(1)(A). (Docket No. 22). The Court further directs plaintiff's counsel to reimburse plaintiff in the amount of $3,700 previously paid under the EAJA, for a net total of $16,671.00.

**IT IS SO ORDERED.**

Dated: May 21, 2008

SUSAN ILLSTON
United States District Judge

---

[1] The *Hearn* court held that an effective hourly rate of $450, only in successful cases, does not provide a basis for the court to lower the fee award because of the substantial risk of loss after the plaintiff's disability claim had been denied in whole or in part at the administrative levels. *Hearn* noted that "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases," in citing other district court cases that held as reasonable effective hourly rates of $187.55 - $694.44.